UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GAIL ROPER,                   :      Case No. 1:09-cv-427
                          :
        Plaintiff,        :      Judge Herman J. Weber
                          :      Magistrate Judge Timothy S. Black
     vs.                  :
                          :
FORD MOTOR COMPANY,     :
                          :
        Defendant.     :

## REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 9) BE GRANTED AND THIS CASE BE CLOSED

This civil action is currently before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. 9). Plaintiff did not respond to the motion to dismiss, so the undersigned ordered Plaintiff to show cause why Defendant's motion to dismiss should not be granted for the reasons stated therein. (Doc. 10). Plaintiff responded to the order to show cause (Doc. 11), which will be construed as a memorandum in opposition to the motion to dismiss.

## I.    FACTUAL BACKGROUND

On June 16, 2009, *pro se* Plaintiff Gail Roper filed suit against Defendant Ford Motor Company. Plaintiff was an employee of Ford at the Sharonville Transmission Plant in Sharonville, Ohio from 1974 until 2008. According to Plaintiff's complaint,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

during her employment with Ford, she was "victimized" by Ford through the use of a

gas/chemical and electrical device, and a heat device. (Doc. 1 at 2). She also claims that

a co-worker gave her a piece of candy with medication in it. (*Id.*)

## II.    STANDARD OF REVIEW

### A.    Fed. R. Civ. P. 12(b)(1)

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may

consist of a "facial attack," under which the moving party asserts that the allegations of

the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which

the court may consider evidence to determine if jurisdiction does exist. *O'Bryan v. Holy

See,* 556 F.3d 361, 376-77 (6th Cir. 2009). In considering a factual attack, the court looks

at evidence outside the pleadings, and "no presumptive truthfulness attaches to the

plaintiff's allegations, and the existence of disputed material facts will not preclude the

trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium

Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Moreover, even

under a facial attack, conclusory allegations or legal conclusions masquerading as factual

conclusions will not prevent dismissal. *O'Bryan*, 556 F.3d at 377.

### B.    Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of

the complaint.

The first step in testing the sufficiency of the complaint is to identify any

conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

### III.    ANALYSIS

#### A.    12(b)(1) Standard

Under Rule 12(b)(1), this Court has held that a *pro se* plaintiff's complaint may be dismissed when it contains insufficient references to federal law and does not allege the facts necessary to support such a claim.  *Rennick v. The Provident Bank*, Case No. 1:06cv820, 2008 U.S. Dist. LEXIS 19111, at *10-11 (S.D. Ohio Mar. 12, 2008) (granting defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction).  *See also Nail v. First Judicial Court Sys.,* No. 1:89CV1154, 1990 U.S. Dist.

LEXIS 14437, at *5 (W.D. Mich. Oct. 26, 1990) (granting a defendant's motion to dismiss pursuant to Rule 12(b)(1) where a *pro se* plaintiff's complaint contained only a "generic" mention of federal law). The Sixth Circuit has also dismissed a complaint for lack of subject matter jurisdiction where the complaint does not explain how the defendant violated any particular statute or regulation and the plaintiffs failed to plead specific facts forming the basis of subject matter jurisdiction. *Turner v. Metro. Savings Bank*, No. 98-3186, 1999 U.S. App. LEXIS 14089, at *3 (6th Cir. June 21, 1999) (upholding the district court's granting of defendant's motion to dismiss pursuant to Rule 12(b)(1)).

Here, Plaintiff's complaint appears to allege that this Court has federal question jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(1), but the only reference to this federal law is contained in the Court-supplied heading to the jurisdiction section of the complaint. The body of the complaint is devoid of any references to federal law or facts necessary to establish the existence of a claim under 42 U.S.C. § 2000e, which makes it an unlawful employment practice to discriminate on the basis of race, color, religion, sex, or national origin. Plaintiff's failure to provide facts to suggest that she was discriminated against in violation of 42 U.S.C. § 2000e, leaves this Court without jurisdiction.

### B. 12(b)(6) Standard

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Iqbal* emphasized that conclusory statements and allegations in a plaintiff's complaint are to be rejected in considering a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). Secondly, even when a complaint contains well pleaded factual matter, the facts pleaded must establish a "plausible" claim for relief to survive a motion to dismiss. *Id*. at 1950 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "Plausibility" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950 (citation omitted). A complaint that pleads nothing more than the "mere possibility" of misconduct does not pass muster under Federal Rule of Civil Procedure 8(a)(2).

In the instant case, Plaintiff alleges in conclusory fashion that she "was victimized by Ford Motor they use gas/chemical and electrical device, heat device on me." (Doc. 1 at 2).

Courts are not required to expend their time when the nature of a *pro se* plaintiffs' claim "defies comprehension." *Jones v. Ravitz*, Case No. 07-10128, 2007 U.S. Dist. LEXIS 19206, at *2, *12 (E.D. Mich. Feb. 22, 2007). For example, in *Jones v. Ravitz*, the *pro se* plaintiffs' complaint alleged that a real estate attorney violated the Fair Debt Collection Practices Act. *Id*. at *8. Plaintiffs filed a number of documents with the court, in which the court was unable to find any basis in law or logic as to plaintiffs' claims because the filings were "nothing more than a stream of incoherent ramblings." *Id*. at *11. The court granted defendant's motion to dismiss pursuant to Rule 12(b)(6). Similarly, in the instant case, Plaintiff's allegations amount to nothing more than "incoherent ramblings." She alleges that she was victimized with a chemical device and that she "wore a foil hat to protect herself." (Doc. 1 at 2, 4). Additionally, she claims that she "was sent to what [she] thought was a psychiatric . . . he turn[ed] out to be a sport medicine doctor to make [her] seam like [she] was mentally ill." (Doc. 11).

Even taking Plaintiff's allegations in the complaint as true and in the light most favorable to Plaintiff, she has failed to provide any direct or inferential allegations sufficient to support the material elements necessary to sustain a claim under 42 U.S.C. § 2000e. *Perry v. United Parcel Serv.*, 90 Fed. Appx. 860, at *4 (6th Cir. Jan. 30, 2004) (upholding trial court's grant of defendant's motion to dismiss, noting that "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations").

## IV.   CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that

Defendant's motion to dismiss (Doc. 9) be **GRANTED**, and this case be **CLOSED**.


Date: April 6, 2010              s/ Timothy S. Black
                                 Timothy S. Black
                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GAIL ROPER,                        :      Case No. 1:09-cv-427
                                   :
        Plaintiff,                 :      Judge Herman J. Weber
                                   :      Magistrate Judge Timothy S. Black
                                   :
    vs.                            :
                                   :
FORD MOTOR COMPANY,                :
                                   :
                                   :
        Defendant.                 :

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).